# HERFF JONES CO. *v.* STATE TAX COMMISSION

John R. Hay, Portland, and Claude M. Warren, Indianapolis, Indiana, argued the cause for plaintiff. Claude M. Warren, Goodrich & Warren, Indianapolis, Indiana, John R. Hay, Portland, Stanley C. Urbigkeit, Portland, and Rockwood, Davis, Biggs, Strayer & Stoel, Portland, submitted a brief for plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered October 4, 1965.

EDWARD H. HOWELL, Judge.

This suit is for abatement of corporate income taxes assessed against plaintiff for 1959, 1960 and 1961.

Plaintiff is an Indiana corporation engaged in manufacturing and selling school rings and trophies. It has not qualified to do business in Oregon.

Plaintiff first contends that it is not liable for corporate income tax in Oregon because its sales activities here are conducted by an independent contractor and exempt under the provisions of Public Law 86-272. This law provides in part:

"Sec. 101. (a) No State, or political subdivision thereof, shall have power to impose, for any taxable year ending after the date of the enactment of this Act, a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both of the following:

"(1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and

"* * * * *

"(c) For purposes of subsection (a), a person shall not be considered to have engaged in business activities within a State during any taxable year merely by reason of sales in such State, or the solicitation of orders for sales in such State, of tangible personal property on behalf of such person by one or more independent contractors, or by reason of the maintenance of an office in such State by one or more independent contractors whose activities on behalf of such person in such

State consist solely of making sales, or soliciting orders for sales, of tangible personal property.

"(d) For purposes of this section—

"(1) the term 'independent contractor' means a commission agent, broker or other independent contractor who is engaged in selling, or soliciting orders for the sale of, tangible personal property for more than one principal and who holds himself out as such in the regular course of his business activities; and

"(2) the term 'representative' does not include an independent contractor."

A statement of facts is necessary.

Plaintiff has a contract with Master Engravers, Inc., an Oregon corporation, (hereinafter called Masters) making the latter the franchise agent for plaintiff in Oregon and other western states. Four resident Oregon salesmen handle plaintiff's product but also sell products for Masters and other companies. Primarily they contact schools.

Each salesman, in addition to a price list, is furnished with about $3,000 to $5,000 worth of samples which are the property of plaintiff and for which the salesman must account to plaintiff. Plaintiff charges any loss of samples against the salesman's commission. The samples are not for sale and constitute the only property in Oregon belonging to plaintiff.

The salesmen's automobiles are furnished by Masters but plaintiff carries a nonownership liability policy on the cars. Plaintiff carries a fidelity bond on the salesmen and charges them for it by deducting from their commission accounts.

When the salesmen call on the school they are required by plaintiff to secure a five dollar deposit

on each ring sold. The orders are sent by the salesmen to Indianapolis and the rings are shipped COD or open account to the buyer. All credit is determined by plaintiff who is responsible for collections, but the salesman or the school may collect the balance and forward it to plaintiff or Masters. If there is a competitive bid for class rings and if the salesman desires to lower the price listed by plaintiff he must write or call plaintiff at Indianapolis.

Plaintiff has no office or place of business in Oregon, has no telephone listing and owns no property in Oregon except the salesmen's samples. Plaintiff does not have any financial interest in Masters.

The salesmen are paid for the sales of plaintiff's products by Masters after Masters has received the commissions from plaintiff.

The franchise agreement between plaintiff and Masters requires the latter to employ a sales manager who shall be subject to plaintiff's approval.

The defendant tax commission argues that the plaintiff is not exempt under P.L. 86-272 because its sales in Oregon are not made by an independent contractor. It further contends that the four Oregon salesmen selling plaintiff's products are sales representatives of plaintiff and not employees of Masters.

P.L. 86-272, *supra,* is of small assistance in its definition of independent contractors as it defines the term as a "commission agent, broker, or other *independent contractor.*" (Emphasis supplied.) It does, however, declare that "representative" does not include an independent contractor.

■ In *Nordling v. Johnston,* 205 Or 315, 332, 283 P2d 994, 287 P2d 420 (1955), the Oregon Supreme

Court stated the rule regarding employees compared to independent contractors as follows:

> "\* \* \* The test for determining whether one is a servant or an independent contractor is not the actual exercise of control—the actual interference by the employer with the manner and method of accomplishing the result—but the right to interfere. *Harris v. State Ind. Acc. Comm.,* 191 Or 254, 268, 230 P2d 175, and authorities there cited. And no single fact is more conclusive of the existence of this right to interfere than the unrestricted right of the employer to end the particular service whenever he chooses without regard to the final result of the work itself. \* \* \*"

In addition, the right of either party to terminate the relationship without incurring liability to the other is a strong indication that the contract is one of employment. *Bowser v. State Indus. Accident Comm.,* 182 Or 42, 54, 185 P2d 891 (1947).

Under these tests it is clear that as far as plaintiff and the four Oregon salesmen were concerned an employer-employee relationship existed and plaintiff's sales in Oregon were not made by an independent contractor as required by P.L. 86-272.

The evidence, in addition to the facts previously set forth, included Plaintiff's Exhibit 5 which was called a "Sales Representative Agreement." This agreement, between plaintiff and each of the Oregon salesmen, permitted plaintiff at any time to change the representatives' territories and to terminate the salesman's employment on ten days' notice or at any time by mutual agreement. It also required plaintiff to keep an account between the plaintiff and the representatives, provided for the representatives to furnish and pay for a performance bond and prevented

the representatives from competing in the sales territory for one year after the termination of the contract.

The salesmen may have been employees of Masters when they were selling Masters' products and possibly when they were selling other companies' products, but as far as plaintiff and the four salesmen were concerned, their relationship was employer and employee. Therefore, plaintiff cannot claim an exemption under P.L. 86-272 on the grounds that its sales in Oregon were made by an independent contractor.

■ Neither can plaintiff qualify under Section 101 (a) (1) of the Act exempting business acitvities within the state from Oregon taxation if such activities consist only of the solicitation of orders because plaintiff's activities in Oregon went far beyond solicitation. In addition to soliciting orders from students, plaintiff's salesmen collected the five dollar deposit, or in some cases the deposit was collected by the school principal or a jeweler if the sale was handled through a jeweler. The school official also executed an agreement to collect the balance due, hold it in trust for plaintiff or subject to plaintiff's order and could be reimbursed for this work. If a jeweler handled the sale he was responsible for collecting the balance due. If the buyer did not pay for the ring it was the normal duty of the salesman to pick up the ring at the school. Obviously all of these acts are beyond solicitation of orders.

Plaintiff argues also that if it does not qualify for an exemption from corporate income tax under P.L. 86-272 it is still not subject to taxation because such taxation would constitute a violation of due process under the Fourteenth Amendment. To supplement this position it contends that there is no nexus or minimum contact between plaintiff as a foreign

corporation engaged in interstate commerce and Oregon, the taxing state.

Nexus, or the minimum amount of contact and activity necessary for the host state to constitutionally tax a foreign corporation engaged in interstate commerce, has been variously defined. In *Miller Bros. Co. v. Maryland,* 347 US 340, 74 S Ct 535, 98 L Ed2d 744 (1954), it was defined as "some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax." In *Wisconsin v. J. C. Penney Co.,* 311 US 435, 61 S Ct 246, 85 L Ed 267, 130 ALR 1229 (1940), the court based the test upon "whether the state has given anything for which it can ask return." The court in *Portland Cement Co. v. Minnesota,* 358 US 450, 79 S Ct 357, 3 L Ed2d 421, 67 ALR2d 1292 (1959), mentioned the tests in the *Miller* and *J. C. Penney* cases and further delineated nexus as "substantial income-producing activity in the taxing States." In *General Motors Corp. v. Washington,* 375 US 436, 84 S Ct 1564, 12 L Ed2d 430 (1964), the court stated "we look to the taxpayers' business activities within the State." The Oregon Supreme Court in *Amer. Refrig. Transit Co. v. Tax Com.,* 238 Or 340, 395 P2d 127 (1964), stated that nexus may be found if the state substantially contributes to the production of the taxpayer's income.

■ After the decision of the United States Supreme Court in the *Portland Cement Co.* case, Congress passed P.L. 86-272 in 1959. The purpose of this statute was to define the activities permissible by a foreign corporation and still be exempt from local taxation. This activity under the statute was the solicitation of orders. In other words, Congress said that mere solicitation of orders was insufficient nexus to

allow the host state to tax. Conversely, activities in excess of solicitation of orders in cases of this type are sufficient nexus to allow the tax. The additional activities over and above the solicitation of orders constitute the "definite link" or "the business activities within the state" to supply nexus.

The record does not show the amount of income plaintiff receives from sales in Oregon. However, Masters had been acting for plaintiff for the past thirty-five years. Regardless of income received from Oregon it would appear that plaintiff's activities hereinbefore enumerated would be sufficient under any of the definitions to constitute the required nexus in Oregon to satisfy due process.

The order of the tax commission is affirmed.