Argued March 6, affirmed August 23, 1967

HERFF JONES COMPANY, *Appellant, v.*
STATE TAX COMMISSION,
*Respondent.*
430 P. 2d 998

*John R. Hay,* Portland, argued the cause for appellant. With him on the brief were Davies, Biggs, Strayer, Stoel and Boley, Portland, and Claude M. Warren, Goodrich & Warren, Indianapolis, Indiana.

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Donald C. Seymour, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, LUSK and FORT,* Justices.

---

* Fort, J., did not participate in the decision of this case.

PERRY, C. J.

This is an appeal from a judgment of the Oregon Tax Court sustaining a finding of the defendant Tax Commission that plaintiff, a foreign corporation, must pay corporate income tax for the years 1959, 1960 and 1961 on that part of its income earned in Oregon. *Herff Jones Co. v. State Tax Com.,* 2 OTR 207.

The applicable Oregon statute is ORS 318.020, which reads as follows:

"(1) There hereby is imposed upon every corporation for each taxable year a tax at the rate of eight percent upon its net income derived from sources within this state after August 3, 1955, other than income for which the corporation is subject to the tax imposed by the Corporation Excise Tax Law of 1929 (ORS chapter 317) according to or measured by its net income. For tax years beginning on and after January 1, 1957, the tax rate shall be six percent.

"(2) Income from sources within this state includes income from tangible or intangible property located or having a situs in this state and income from any activities carried on in this state, regardless of whether carried on in intrastate or foreign commerce.

"* * * * *."

The question presented for decision is whether the Tax Court erred in failing to find that plaintiff's activities in Oregon come within the tax exempt status created by Public Law 86-272 (15 USCA § 381).

Public Law 86-272 has previously been considered by this court and held constitutional. *Smith Kline & French v. Tax Com.,* 241 Or 50, 403 P2d 375 (1965).

The following is a statement of the pertinent facts as stated by the Tax Court in its opinion, *Herff Jones Co. v. State Tax Com.*, supra, p. 209:

"Plaintiff has a contract with Master Engravers, Inc., an Oregon corporation, (hereinafter called Masters) making the latter the franchise agent for plaintiff in Oregon and other western states. Four resident Oregon salesmen handle plaintiff's product but also sell products for Masters and other companies. Primarily they contact schools.

"Each salesman, in addition to a price list, is furnished with about $3,000 to $5,000 worth of samples which are the property of plaintiff and for which the salesman must account to plaintiff. Plaintiff charges any loss of samples against the salesman's commission. The samples are not for sale and constitute the only property in Oregon belonging to plaintiff.

"The salesmen's automobiles are furnished by Masters but plaintiff carries a nonownership liability policy on the cars. Plaintiff carries a fidelity bond on the salesmen and charges them for it by deducting from their commission accounts.

"When the salesmen call on the school they are required by plaintiff to secure a five dollar deposit on each ring sold. The orders are sent by the salesmen to Indianapolis and the rings are shipped COD or open account to the buyer. All credit is determined by plaintiff who is responsible for collections, but the salesman or the school may collect the balance and forward it to plaintiff or Masters. If there is a competitive bid for class rings and if the salesman desires to lower the price listed by plaintiff he must write or call plaintiff at Indianapolis.

"Plaintiff has no office or place of business in Oregon, has no telephone listing and owns no property in Oregon except the salesmen's samples. Plaintiff does not have any financial interest in Masters.

"The salesmen are paid for the sales of plaintiff's products by Masters after Masters has received the commissions from plaintiff.

"The franchise agreement between plaintiff and Masters requires the latter to employ a sales manager who shall be subject to plaintiff's approval." *Herff Jones Co. v. State Tax Com.*, supra, pp 209-210.

The first issue for consideration is whether the salesmen employed in Oregon by plaintiff are independent contractors. Plaintiff's contention on this point is that P.L. 86-272 allows independent contractors employed by out-of-state corporations to do more than just solicit orders and still not lose the protection of the statute.

15 USCA § 381(d) (1) defines an independent contractor as follows:

"(1) the term 'independent contractor' means a commission agent, broker, or other independent contractor who is engaged in selling, or soliciting orders for the sale of, tangible personal property for more than one principal and who holds himself out as such in the regular course of his business activities; * * *.

"(2) the term 'representative' does not include an independent contractor."

This statutory definition has been criticized as being "* * * somewhat valueless in practice * * *." Note, 46 Va. L. Rev. 297, 318 (1960).

If we look to the definition of "independent contractor" as set forth in 15 USCA § 381(d) (1), supra, and go no further, there may be some credence to the proposition that plaintiff's Oregon salesmen are "commission agents" and, therefore, independent contractors within the meaning of the statute. This argu-

ment is advanced by plaintiff. However, if we accept this argument then many out-of-state corporations who would not otherwise qualify for the exemption granted by Public Law 86-272 might well qualify simply because they pay their salesmen on a commission basis.

We agree with the tax court that "P.L. 86-272, supra, is of small assistance in its definition of independent contractors as it defines the term as a 'commission agent, broker or other *independent contractor*.' (emphasis supplied) It does, however, declare that 'representative' does not include an independent contractor." 2 OTR 210.

■ It is necessary, therefore, for this court to look to its own case law in aid of a definition of the term "independent contractor." The single most important factor in determining whether an individual is an independent contractor or a servant is the right to control or interfere with the manner and method of accomplishing the result—not the actual exercise of control. *Jenkins v. AAA Heating and Cooling, Inc.,* 245 Or 382, 421 P2d 971 (1966); *Nordling v. Johnston,* 205 Or 315, 332, 283 P2d 994, 287 P2d 420 (1955). Under this test, it is apparent that plaintiff's salesmen are not independent contractors.

It should be noted that the agreement between plaintiff and its salesmen refers to the salesmen as "representatives." If we simply applied 15 USCA § 381 (d) (2) ("the term 'representative' does not include an independent contractor") a literal reading could preclude plaintiff from arguing that its salesmen are independent contractors. However, we must look beyond this statement in the agreement, whether or not these salesmen are employees of plaintiff.

■ Under the terms of the agreement, the representatives are required to post bonds, carry automo-

bile insurance for plaintiff's benefit, and not compete with plaintiff if the contract is terminated. Plaintiff also has the right to control the representatives' sales territory. Furthermore, the agreement between Masters and plaintiff gives plaintiff the right to approve hiring and firing of the sales representaitves, and to approve the hiring of a sales manager. Finally, plaintiff supplied order blanks with its name on them for use by the salesmen and it also supplied sample cases and advertising materials to the salesmen. It is clear from these facts and the testimony of witness Heusing that plaintiff desired to control the activities of its sales representatives and, therefore, *Jenkins v. AAA Heating and Cooling, Inc.*, supra, and *Nordling v. Johnston*, supra, are determinative of this issue.

It being established that plaintiff's sales representatives are employees rather than independent contractors, the next question is whether their activities go beyond mere solicitation so as to remove plaintiff from the protection of P.L. 86-272.

■ The committee which drafted the statute adopted the approach that "minimum activities" of out-of-state corporations should not be considered sufficient nexus for a state to impose a corporate income tax on the earnings of a corporation derived from sales made within the taxing state. 2 US Code Congressional & Administrative News, 2548 (1959). This minimum activities approach of the committee has been confined in the statute to the solicitation of orders. 15 USCA § 381(a) (1) (2). Plaintiff contends that the activities of its sales representatives in Oregon do not go beyond solicitation. Plaintiff relies on the case of *State ex rel Ciba Pharmaceutical Products, Inc. v. State Tax Commission*, 382 SW2d 645 (Mo 1964).

The facts in *Ciba* are very similar to those of

*Smith Kline & French v. Tax Com.,* supra. In both cases the plaintiffs were dealers in ethical drugs and their business activities in the states in question were confined to the use of "detailmen" who visited druggists and physicians in an effort to promote the plaintiffs' products. Although they did not actually solicit orders, this court characterized the detailmen's activities as amounting to solicitation which would bring the protection of P.L. 86-272 into play. *Smith Kline & French v. Tax Com.,* supra at pp 54-56.

■ This court's decision in *Smith Kline & French v. Tax Com.,* supra, might be considered to have placed a broad interpretation on the word "solicitation" as it is used in P.L. 86-272, and plaintiff's sales representatives' activities might well be considered no more than solicitation if such were the case. But, in *Cal-Roof Wholesale v. Tax Com.,* 242 Or 435, 410 P2d 233 (1966), this court expressly rejected such an interpretation. In that case we stated through Mr. Justice SCHWAB, p. 447:

> "In any event, the tax commission's analysis of our decision in Smith Kline & French v. Tax Com., 241 Or 50, 403 P2d 375, as a 'broad' interpretation 'of solicitation' as the word is used in Public Law 86-272, is not warranted. Without mentioning the terms 'inter' or 'intra,' Public Law 86-272 prohibits the imposition of a state tax on income.
> " '* * * if the *only* business activities * * * within such state * * * are * * * (1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and (2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective

customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1).'" (Emphasis supplied.)

██ Therefore, it seems clear that in order to come within the purview of P.L. 86-272 the *only* business activity which plaintiff's sales representatives could engage in is the solicitation of orders. It is abundantly clear from the record that the representatives do more than this. Aside from the actual solicitation of orders, the salesmen also collect an initial deposit on merchandise ordered, and forward such deposits to plaintiff. The sales representatives on occasion also collect the balance due on the merchandise when it is delivered to a school. The sales representatives may also do occasional collection work for plaintiff in order to prevent their own commissions from being reduced.

Finally, not only do the four sales representatives carry on the above activities for plaintiff's benefit, but school superintendents and principals as well as local jewelers may also aid in handling plaintiff's sales and receive compensation for their efforts.

In our opinion, representatives are not independent contractors, and their activities in Oregon go beyond the mere solicitation of orders for plaintiff's goods. The Tax Court did not err in holding that plaintiff was without the protection of Public Law 86-272 and its judgment is affirmed.