Argued and submitted December 18, 1985, affirmed May 21, 1986

NICHOLS,
*Respondent,*

*v.*

BAGGARLEY,
*Appellant.*

(22-539; CA A34634)

719 P2d 914

Stanley E. Erickson, Tualatin, argued the cause for appellant. With him on the brief was Erickson, Wilson, Wolf & Smitke, Tualatin.

Donald R. Moeller, Tillamook, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals the trial court's judgment in favor of plaintiff and its issuance of a decree foreclosing plaintiff's construction lien against defendant's property. We affirm.

Plaintiff, 72 years old at the time of trial, is a retired carpenter who performed repairs on defendant's house. He was not registered with the Builders Board while working on defendant's home but had been registered before retiring. While working for defendant, plaintiff kept a record of his hours and submitted periodic bills to her, for which he received compensation of $10 per hour. Plaintiff submitted no estimate, bid or plans for work done on defendant's house and worked according to a schedule arranged by defendant, who also instructed plaintiff on each project that he performed.[1]

When defendant failed to pay plaintiff for 75 hours of work, he filed a construction lien on her property and subsequently sought to foreclose the lien. Defendant answered, stating as an affirmative defense that plaintiff was precluded by ORS 701.065 from filing a lien and suing for compensation, because he had not registered with the Builders Board. She also stated as an affirmative defense that the repairs and improvements were defective. Additionally, defendant filed a counterclaim, which included claims for breach of contract, breach of implied warranty, negligence and violation of the Oregon Unlawful Debt Collections Practices Act. ORS 646.639(2)(k). The trial court concluded that plaintiff was not required to register with the Builders Board, because he was not in the pursuit of an independent business and was an employe under ORS chapter 701. He was therefore held to be entitled to foreclose the lien. Defendant prevailed on her counterclaim for negligence, and she was therefore allowed reimbursement for expenses incurred as a result of imperfections in the work.

The issue is whether plaintiff was required by ORS chapter 701 to register with the Builders Board. ORS

---

[1] Although plaintiff submitted an estimate for the cost of repairs on defendant's separate rental property, he testified that it was for the purpose of assisting defendant in her claim for compensation from the housing authority. She needed two estimates and asked plaintiff to make his estimate lower than the one which was submitted by her boyfriend, and plaintiff did so to assist her. He did no work on the rental property.

701.055(1) requires a builder to obtain a certificate of registration from the Board before submitting bids or doing work on residential structures. ORS 701.065 prevents a builder from filing a lien or suing for compensation unless the builder is registered at the time of bidding on or entering into a contract. ORS 701.005(2) provides:

> " 'Builder' means a person who, in the pursuit of an independent business, undertakes or offers to undertake or submits a bid, or for compensation and with the intent to sell the structure arranges to construct, alter, repair, improve, move over public highways, roads or streets or demolish a structure or to perform any work in connection with the construction, alteration, repair, improvement, moving over public highways, roads or streets or demolition of a structure, and the appurtenances thereto. * * *"

OAR 812-02-000(8) states that "pursuit of an independent business" means that the entity operates as an independent contractor. There are circumstances under which an individual may be exempt from the registration requirements of chapter 701. ORS 701.010(8)[2] (*amended by* Or Laws 1983, ch 616, § 5a), exempts persons who work for wages:

> "This Chapter does not apply to:
>
> "* * * * *
>
> "(8)    a person who performs work subject to this chapter for wages only, as an employe of a builder, contractor or of another person."

It is therefore necessary to determine whether plaintiff was an independent contractor or an employe.[3] Regardless of whether the common law test or OAR 812-02-000(8) is applied, we conclude that plaintiff is an employe rather than an independent contractor.

In Oregon, the principle common law test for ascertaining whether an individual is an employe or an independent contractor is the employer's right to exercise control over the manner and means of accomplishing the result.

---

[2] Current ORS 701.010(8) did not take effect until October 15, 1983, after the dates when plaintiff worked for defendant, after he filed the lien and after he filed the complaint.

[3] Defendant urges us to apply ORS 657.040 to determine whether plaintiff was engaged in an independently established business. However, ORS chapter 657 deals with the state's unemployment insurance laws, and those laws are not relevant to this case.

"Generally, the test for determining whether one is a servant or an independent contractor is based not on the actual exercise of control by the employer, but on the right to control. *Herff Jones Co. v. Tax Com.,* 247 Or 404, 409, 430 P2d 998 (1967). * * * Where the employer has no right to control his actions, the actor is usually deemed to be an independent contractor. *Wallowa Valley Stages, Inc. v. Oregonian,* 235 Or 594, 598, 386 P2d 430 (1963). * * * The test of right to control does not refer to the right to control the results of the work but rather to the right to control the manner and means of accomplishing the result. *Wallowa Valley Stages, Inc. v. Oregonian, supra,* 235 Or at 599-600." *Great American Ins. v. General Ins.,* 257 Or 62, 66, 475 P2d 415 (1970).

In *Great American,* the court examined the provisions of the contract for evidence of control by the employer and found that it had the right to control all phases of the construction project, including the type of equipment and when and where it was to be used, as well as the details and method of performance. The court concluded that the worker was an employe.

Here, defendant outlined the work that plaintiff did on a project-by-project basis. She scheduled when he would work and told him what, where and how to do it. Specifically, she instructed him on such things as where to place bathroom fixtures and what size lumber to use in construction of a ramp. We conclude that defendant had control of the methods plaintiff used in accomplishing the results of his work.

In addition to the common law test, OAR 812-02-000(8)[4] lists criteria for determining whether an individual is

---

[4] OAR 812-02-000(8) provides:

" 'The pursuit of an independent business' as used in ORS 701.005(2) means that entity operates as an independent contractor. Evidence of operating as an independent contractor and not as an employe may include, but not be limited to, the following criteria:

"(a) Is free from close supervision by the homeowner or contractor over the details of the work being performed, including hours of work;

"(b) Enters into a contract, either oral or written, which calls for the completion of a certain type, kind or piece of work on a specific project or job site for which payment is made on a per-hour or time-and-materials basis, or for the entire job;

"(c) May have two or more effective contracts at any one time;

"(d) Hires and supervises other subcontractors and/or employes and may be

an employe or independent contractor. Many of the criteria suggest that the major consideration must be that an individual holds himself out to the public to be an independent contractor. The evidence indicates that plaintiff did not hold himself out to be a contractor and that he was basically a handyman who performed odd jobs. He had no business cards or business telephone and did no advertising. He did not solicit defendant's business; instead, she contacted him while on her mail route and asked him to perform work for her. Even though plaintiff had an agreement with defendant, she supervised his work, and he had no employes. He was paid periodically and received an hourly wage. Plaintiff made no bid and submitted no plans.

■ We conclude that plaintiff was working for wages, rather than as an independent contractor, and he is therefore exempt from the registration requirement under ORS 701.010(8). Because he was not required to register, he is not precluded from filing a lien on defendant's property.

Affirmed.

---

responsible for business insurance and payroll taxes if help is hired;

"(e) Enters into a contract, either oral or written, which does not require the employer to consider remuneration paid to be wages for the purposes of unemployment compensation benefits, workers' compensation payments, or federal or state withholding;

"(f) Uses as normal business practices, telephone service, business cards, or commercial advertising;

"(g) Furnishes substantially all of the equipment, tools, and supplies necessary to carry out contractual obligations;

"(h) May be registered with the Employment Division's Contractor Certification Fund."