Argued May 2, affirmed June 28, petition for
rehearing denied September 5, 1973

OLYMPIA BREWING COMPANY, *Appellant, v.*
DEPARTMENT OF REVENUE, *Respondent.*

511 P2d 837

*William H. Kinsey,* Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Assistant Attorney General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

PER CURIAM.

This is an appeal by plaintiff taxpayer from a judgment of the Oregon Tax Court in favor of defendant Department of Revenue. 5 OTR 99 (1972).

Plaintiff is engaged in the business of selling beer in various states, including Oregon. The state of Oregon imposed upon plaintiff a tax under the Oregon Corporation Income Tax Law. Plaintiff contends that it is exempt under Public Law 86-272 (73 Stat 555, 15 USC § 381) on the ground that its activities in Oregon constitute nothing more than the solicitation of business.

The Department of Revenue argues that PL 86-272 is not applicable for two reasons: (1) that plaintiff was carrying on activities in Oregon consisting of something more than the solicitation of orders, such as the regular inspection of each retailer's supply of beer in order to call his attention to a potential shortage, the efforts made by sales representatives to obtain a maximum display of Olympia advertising at each retail outlet, the efforts made to influence retailers to carry or switch to the use of Olympia draft beer, etc., and (2) the fact that plaintiff maintained in Oregon personal property in the form of beer kegs which were used by retailers in dispensing Olympia draft beer.

The Tax Court rejected defendant's first ground, holding that plaintiff's activities were essentially the solicitation of business. However, the court held that

plaintiff's ownership of beer kegs used in dispensing draft beer subjected plaintiff to the Oregon tax.

We express no opinion as to whether the Tax Court was correct in finding that plaintiff's activities did not constitute the solicitation of business. We agree with the court's conclusion that the presence of plaintiff's beer kegs in Oregon for the purpose of dispensing Olympia beer was sufficient to make plaintiff subject to the Oregon Corporation Income Tax. We adopt the reasoning in that part of the Tax Court's opinion which so holds.

Affirmed.

Holman, J., did not participate in this decision.