Argued January 7, affirmed March 11, 1976

MILES LABORATORIES, INC., *Respondent,*
*v.*
DEPARTMENT OF REVENUE, *Appellant.*

546 P2d 1081

*Ira W. Jones,* Senior Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Theodore W. de Looze, Chief Tax Counsel, Salem.

*Thomas S. Moore,* Portland, argued the cause for respondent. With him on the brief were Morrison, Dunn, Cohen, Miller & Carney, Portland.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Howell, and Bryson, Justices.

BRYSON, J.

## BRYSON, J.

Defendant appeals from a decree of the Tax Court allowing plaintiff, a foreign corporation, to exclude income attributable to its business activity in the state of Washington from Oregon taxable income for the years 1966 through 1968. *Miles Laboratories v. Dept. of Rev.,* 6 OTR 82 (1975).

The issue is whether a portion of plaintiff's income would be taxable by the state of Washington, on the portion of its income derived from its Washington activities, if that state had tax statutes similar to Oregon's statutes.[1] *Iron Fireman Co. v. Tax Com.,* 251 Or 227, 228-29, 445 P2d 126 (1968). Plaintiff makes two contentions: (1) that plaintiff's business activities in Washington amounted to more than "solicitation"; (2) that plaintiff pays a corporate license and franchise tax to the state of Washington.

The facts are stipulated. Plaintiff's Consumer Products Division markets proprietary medicines, nutritional and hygienic products and pharmaceuticals through distribution warehouses which are located in various parts of the country. One of its distribution warehouses is located in Portland, Oregon.

Plaintiff has 12 salesmen working in Washington to obtain orders for plaintiff's products from Washington purchasers. These orders are sent to plaintiff's headquarters in Elkhart, Indiana, for acceptance. After plaintiff accepts an order, it instructs its personnel at the Portland, Oregon, warehouse to package the requested merchandise and to ship such merchandise to the Washington purchaser by the most direct means.

Each Washington salesman maintains a stock of plaintiff's samples sufficient for a calendar quarter. These samples have an approximate value of $150 and

---

[1] Plaintiff is "taxable" in Washington if Washington has jurisdiction to levy a tax upon plaintiff's net income "regardless of whether, in fact, the state does or does not." ORS 314.620(2).

are used for "[a]ccount presentations," "[s]amples for account personnel," "[e]xchanging damaged merchandise in quantities under $10 net direct,"[2] and "[p]ersonal family samples." Each salesman is also responsible for placing appropriate displays of plaintiff's products in Washington retail outlets. Plaintiff provides the salesmen with transportation and has spent $649,200 for television advertising in Washington.

The parties also stipulated that plaintiff is licensed to do business in Washington and maintains a registered agent in Seattle, Washington. Plaintiff is required to maintain a Washington Use Tax Certificate of Registration and pays the state of Washington's use tax on samples which plaintiff distributes in Washington. The total amount of sales attributable to Washington orders creates a tax liability for the years involved of $5,513 plus interest.

The Tax Court concluded:

"* * * All of the plaintiff's activities in Washington are found to come within the 'solicitation' provision [of Public Law 86-272] except for the salesmen's replacement of damaged merchandise.

"* * * 'Presale activities are distinguishable from similar activities that constitute services after the sale.' * * *.

"* * * The salesman's act of replacing damaged goods exceeds the protection to interstate commerce provided by Public Law 86-272.

"It follows that Washington * * * would have the power and jurisdiction to tax plaintiff on its net income ascribable to Washington sales, even though all of plaintiff's Washington activities are deemed to be in furtherance of its interstate commerce." 6 OTR 95, 96 (1975).

Public Law 86-272 (15 USCA § 381), as here pertinent, provides:

"§ 381. (a) No State, * * *, shall have power to impose, * * *, a net income tax on the income derived

---

[2]The damaged merchandise is destroyed by plaintiff's salesmen in Washington.

within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:

"(1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and

"* * * * *."

Defendant contends that plaintiff's business activity in Washington "is more in the nature of solicitation of sales."

The term "solicitation," as it is used in Public Law 86-272, should be given its generally accepted meaning in the light of its legislative history. *Iron Fireman Co. v. Tax Com., supra* at 230. Since our decision in *Smith Kline & French v. Tax Com.,* 241 Or 50, 403 P2d 375 (1965), we have held that foreign businesses can be subjected to local taxation if their business activity is not confined solely to the solicitation of orders for tangible personal property. Examples of such fatal, "non-solicitous" activity are: giving "spot credit," accepting orders, collecting delinquent accounts and picking up returned goods within the taxing state,[3] collecting deposits and advances on orders within the taxing state,[4] pooling and exchanging technical personnel in a complex mutual endeavor,[5] maintaining personal property (beer kegs) and associated local business activity for purposes not related to soliciting orders within the taxing state.[6] Expressed from the opposite viewpoint, if plaintiff was engaged in the same business activities in Oregon as it was in Washington and its distribution warehouse was in Washington, Oregon could and would impose a tax.

[3] *Cal-Roof Wholesale v. Tax Com.,* 242 Or 435, 437, 410 P2d 233 (1966).

[4] *Herff Jones Co. v. Tax Com.,* 247 Or 404, 407, 412, 430 P2d 998 (1967).

[5] *Iron Fireman Co. v. Tax Com.,* 251 Or 227, 230-32, 445 P2d 126 (1968).

[6] *Olympia Brewing v. Dept. of Rev.,* 266 Or 309, 311, 511 P2d 837 (1973), cert denied, 415 US 976, 94 S Ct 1561, 39 L Ed 2d 837 (1974).

"* * * [I]n order to come within the purview of P. L. 86-272 the *only* business activity which plaintiff's sales representatives could engage in is the solicitation of orders." *Herff Jones Co. v. Tax Com.,* 247 Or 404, 412, 430 P2d 998 (1967). (Emphasis in original.) Furthermore, in *Olympia Brewing v. Dept. of Rev.,* 266 Or 309, 511 P2d 837 (1973), cert. denied, 415 US 976, 94 S Ct 1561, 39 L Ed 2d 872 (1974), we adopted the reasoning of the Tax Court, which stated:

"* * * 'solicitation' should be limited to those generally accepted or customary acts in the industry which lead to the placing of orders, not those which follow as a natural result of the transaction, such as collections, servicing complaints, technical assistance and training. * * *" *Olympia Brewing Co. v. Dept. of Rev.,* 5 OTR 99, 110 (1972).

As in *Cal-Roof Wholesale v. Tax Com.,* 242 Or 435, 437, 410 P2d 233 (1966), where the salesman picked up rejected goods, plaintiff's salesmen in the case at bar service dissatisfied customers by replacing damaged merchandise with comparable goods on hand. The record also reveals that these acts of replacing damaged goods *after* sales have been consummated are a part of routine company procedure. The record infers that plaintiff's salesmen service the accounts after sales and arrange advertising displays in each sales outlet.

We conclude that in the instant case, plaintiff's activities in Washington went beyond the mere solicitation of orders and that plaintiff would not be immune from the taxing power and jurisdiction of the state of Washington.[7] Plaintiff is qualified to apportion and allocate that part of its income which is attributable to its business activity in Washington.

Having reached this conclusion, we find it unneces-

---

[7] For a general discussion of Public Law 86-272 immunity and the effect of "incidental" activity within the taxing state, see *B. Lohr-Schmidt, Developing Jurisdictional Standards for State Taxation of Multistate Corporate Net Income,* 22 Hast L J 1035, 1068-88 (1971).

sary to consider plaintiff's contention that because it pays a corporate license and franchise tax to the state of Washington it is entitled to apportion its income under ORS 314.620(1).

The decree of the Tax Court is affirmed.