# OLYMPIA BREWING COMPANY
### *v.*
# DEPARTMENT OF REVENUE

William H. Kinsey, Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered December 19, 1977.

CARLISLE B. ROBERTS, Judge.

This suit relates to Oregon corporation income taxes payable under ORS chapters 314 and 318 by a Washington corporation with Oregon income. Plaintiff appealed from defendant's Order No. I 77-5, dated March 15, 1977. The first issue presented is stated in the defendant's opinion as "concerning the Department's authority to issue a proposed assessment [of additional income taxes] after a prior proposed assessment had been issued and not assessed within one year, where the second proposed assessment is still issued within a three-year limitation period allowed by ORS 314.410. The second proposed assessment is identical to the first."

A second issue was raised in the complaint relating to plaintiff's application of the income allocation formula for the tax years 1966 to 1972, inclusive, pursuant to the Uniform Division of Income for Tax Purposes Act, ORS 314.605 to 314.670 (1973 Replacement Part), particularly ORS 314.650 to 314.665.

There appears to be no dispute as to the facts relating to the first issue. Following the Oregon Supreme Court's decision in *Olympia Brewing v. Dept. of Rev.,* 266 Or 309, 511 P2d 837 (1973), the plaintiff, on March 5, 1974, filed corporation income tax returns required by ORS chapter 318 for the tax years 1966 to 1972, inclusive. On April 22, 1974, the defendant's auditor mailed to the taxpayer notices of deficiency and proposed assessment, pursuant to ORS 314.405(1) (which requires the defendant to audit tax returns, if practicable, to compute the corrected tax if error is discovered, and to give notice thereof to the taxpayer).

ORS 314.405(2) directs the taxpayer who has received a proposed assessment under subsection (1) to pay the indicated tax deficiency within 30 days from the date of mailing of the notice or, within that time, to advise the department in writing wherein its determination of deficiency is erroneous. The plaintiff did neither of these things. In this situation, ORS 314.405(3) instructs the defendant as to its next step:

"(3) If neither payment nor written objection is received by the department within 30 days after notice of proposed assessment has been mailed, the department shall assess the deficiency, plus interest * * *, and shall give notice of the amount so assessed."

Subsection (3) does not instruct the department as to the precise day the notice of the actual assessment shall be given to the taxpayer after the 30-day period, but ORS 314.410 does specify time limitations for departmental action with respect both to the *proposed* assessment and the *actual* assessment:

ORS 314.410.

"(1) At any time within three years after the return was filed, the department may give notice of proposed assessment as prescribed in ORS 314.405.

"* * * * *

"(4) The tax deficiency must be assessed and notice of tax assessment mailed to the taxpayer or his authorized representative, who is authorized in writing, within one year from the date of the notice of proposed assessment unless an extension of time is agreed upon as prescribed in subsection (6) of this section."

No consideration was given by the parties to the use of subsection (6). On August 6, 1975, the defendant again mailed notices of deficiency and proposed assessment for precisely the same tax years 1966 to 1972. The second notice, as stated in defendant's opinion accompanying Order No. I 77-5, was "identical to the first but under a current date * * *." Defendant admits plaintiff's pleading in the Complaint, 3:

"7. Under date of August 6, 1975 defendant mailed notices of deficiencies and proposed assessments propos-

ing the same deficiencies for the same years as proposed under the April 22, 1974 notices."

On August 29, 1975, the plaintiff advised the defendant in writing wherein it deemed the notices of the proposed deficiencies to be erroneous. On June 30, 1976, the defendant mailed plaintiff notices of tax assessment for the subject years. On July 28, 1976, pursuant to ORS 314.455, the plaintiff appealed to the department respecting the notices of assessment, contending that the notices had not been lawfully issued within the time limitations set out in ORS 314.410. As above stated, this appeal was denied on March 15, 1977, by the department's Order No. I 77-5.

Plaintiff argues that the first three subsections of ORS 314.405 and subsection (4) of ORS 314.410 are mandatory provisions. Attention is called to ORS 314.405(1)(c) that defendant's notice of proposed assessment shall:

> "(c) Be certified by the department that the proposed adjustments to the return are made in good faith and *not for the purpose of extending the period of assessment.*" (Emphasis supplied.)

Plaintiff failed to avail itself of the provisions of ORS 314.405(2), either to pay the tax or to advise the department in writing wherein its determination of deficiency was erroneous, but the defendant failed to carry out the mandate of ORS 314.405(3) to assess the alleged deficiency and to give notice of the amounts so assessed. Instead, a little over 15 months later, it mailed identical notices of proposed assessment, substantially after the expiration of the period allowed by ORS 314.410(4) for mailing the notices of tax assessment permitted with respect to the first proposed assessments mailed on April 22, 1974. On page two of the opinion which accompanies its Order No. I 77-5, the defendant states: "The issuance of the second proposed assessment was for the sole purpose of continuing the collection process in this case. * * *"

■ ■ The department's assessment is void. The proposed assessments dated April 22, 1974, were nullified by the defendant's failure to ratify them within 12 months with the actual assessments required by ORS 314.410(4). The second series of proposed assessments, dated August 6, 1975, were made within the three-year period described in ORS 314.410(1) but, under the facts of this case, they could only have been made for the purpose of extending the period of assessment with respect to the notices of April 22, 1974, contrary to the legislative policy expressed in ORS 314.405(1)(c).

■ ■ ■ ■ To accept defendant's view would vitiate the 12-month limitation. The procedural statutes cited above provide a straightforward statement of legislative intent. Each aspect is mandatory (including ORS 314.405(2), but the answer to failure therein is specified in the following subsection (3)). As usual in statutes *in pari materia,* they should be read together and construed to give force to every word and sentence. It seems clear that the legislative intent as expressed in ORS 314.405 contemplates a thorough initial examination, not a succession of proposed assessments. Subsections (8) and (9) state:

"(8) Additional assessments and deficiency assessments with respect to any tax return shall be made pursuant to this section, and not otherwise, within the time limits prescribed by ORS 314.410, including but not limited to the assertion of additional tax arising from:

"(a) The failure to report properly items or amounts of income subject to or which are the measure of the tax;

"(b) The deduction of items or amounts not permitted by law;

"(c) Mathematical errors in the return or the amount of tax shown due in the records of the department;

"(d) Improper credits or offsets against the tax claimed in the return pursuant to the Personal Income Tax Act of 1969 or ORS chapter 317 or 318.

"(9) When the notice of deficiency described in subsection (1) of this section results from the correction of a mathematical or clerical error and states what would

have been the correct tax but for the mathematical or clerical error, such notice need state only the reason for each proposed adjustment to the return."

ORS 314.425 gives support to the department's auditor when he needs additional information. Such auditor has a duty to consider each of the audit areas described in subsection (8), *supra,* when preparing his notice of proposed assessment. ORS 314.410 gives him three years in which to prepare the notice (and additional time, in special instances). Most taxpayers will consent to additional time if a reasonable ground is submitted; ORS 314.410(6) authorizes such arrangements. But once the department's notice of proposed assessment is mailed, it must be made good in 12 months with a notice of assessment. ORS 314.410.

Formerly, the income tax statutes provided that once the proposed assessment was made within the three-year period, the requirement of notice was met, "although the tax is assessed after such period." (*See,* for example, Or Laws 1955, ch 581, § 2. The quoted language appears in amended ORS 317.410(3) therein.) This is no longer part of the law. And, as stated in *Reynolds Metals v. Tax Com.,* 245 Or 156, 159, 421 P2d 379, 380 (1966), construing the then new 12-month limitation: "The intent of this addition seems clear. A time limitation was placed upon making the actual assessment: one year after notice of the proposed assessment. * * *"

In another income tax case, involving a procedural point, Mr. Justice Holmes wrote: "Men must turn square corners when they deal with the government. * * *"* The same rule, of course, is applicable to the defendant's officers and agents when acting in the service of the government.

In support of its reasoning, the court also relies on the principles of *Anaconda Company v. Dept. of Rev.,*

---

* *Rock Island &c. R.R. v. United States,* 254 US 141, 143, 41 S Ct 55, 56, 65 L Ed 188, 189, 3 AFTR 3090, 1 USTC ¶ 38 (1920).

278 Or 723, 565 P2d 1084 (1977), holding that defendant's failure to follow the procedural statute invalidated its assessment, even without a showing by the taxpayer of substantial harm.

■ Defendant submits that the plaintiff's reliance on *Anaconda Company, supra,* is misplaced and, in any event, defendant is entitled to demonstrate that its procedural failure in this instance was harmless error. (*See Anaconda Company, supra,* 278 Or at 729, 565 P2d at 1088.) However, regardless of *Anaconda,* no such showing is relevant to a decision based on the application of a statute of limitations (in this instance, ORS 314.410(4)) and a legislative policy of good faith.

The court's decision on the first issue precludes consideration of the second.

The defendant's Order No. I 77-5 is held void and of no effect, having been based on action taken outside the scope of its statutory jurisdiction.

Each party shall pay its own costs.