399 N.E.2d 754 (1980)
INDIANA DEPARTMENT OF STATE REVENUE, Appellant (Defendant below),
v.
CONTINENTAL STEEL CORPORATION, Appellee (Plaintiff below).
No. 2-876-A-316.
Court of Appeals of Indiana, Second District.
January 21, 1980.
*755 Theodore L. Sendak, Atty. Gen., Charles D. Rodgers, Deputy Atty. Gen., Indianapolis, for appellant.
Frederick J. Graf, Martz, Beattey, Hinds & Wallace, Indianapolis, James R. Butcher, Butcher, Ball & Brubaker, Kokomo, James C. Courtney, Jack C. Brown, Jenner & Brown, Indianapolis, for appellee.
BUCHANAN, Chief Judge.

CASE SUMMARY
Defendant-appellant, Indiana Department of State Revenue (the State), appeals from a judgment ordering a refund of Indiana adjusted gross income tax to Continental Steel Corporation (Continental), claiming Continental's activities outside the State of Indiana during 1965 and 1966 amounted to nothing more than solicitation and therefore all of Continental's sales were sales within the state (Indiana).
We affirm.

FACTS
The evidence most favorable to the judgment reveals:
Continental is an Indiana corporation with its home office and manufacturing facilities located in Kokomo, Indiana. Continental manufactures wire, fencing, nails and other steel products which are sold in fifty states, Canada and the Virgin Islands.
In determining the amount of adjusted gross income tax payable to the State of Indiana for the years 1965 and 1966, Continental used the statutory three-factor formula,[1] a computation for the apportionment *756 and allocation of income based on a taxpayer's property, payroll and sales.
In computing the sales factor of the formula[2] Continental characterized as sales within the state (Indiana) only those sales to purchasers within the State of Indiana. By this method, Continental allocated and apportioned approximately twenty-two percent (22%) of its total sales to Indiana.
In 1968, the State examined Continental's business records for 1965 and 1966 and concluded that Continental had paid no tax to foreign states based on the sales characterized as sales outside the state (Indiana). The State then determined that the allocation and apportionment of income was improper and characterized all sales as sales within the State of Indiana and Continental was assessed additional tax and interest in the amount of Seventy Thousand, One Hundred Eighty-nine and 26/100 ($70,189.26) Dollars.
Continental filed a protest against the assessment, a hearing was held and the protest was denied. Continental paid the assessment under protest and filed a claim with the State for a refund. After a hearing, the claim for refund was also denied.
Thereafter, Continental brought suit for the refund in the Howard Circuit Court. During the trial, Continental directed its proof for refund of taxes to the sales made in seventeen states.[3] Dale Storms, an employee of Continental, testified that either a net income tax or a franchise tax measured by net income was paid in Illinois, Kentucky, Michigan and Ohio. Storms also testified as to the various activities performed by Continental in the seventeen foreign states. His testimony can be summarized by this chart:

*757
 CUSTOMER
 CREDIT INV. SALESMEN RECEIVES ADVERTISING OCCASIONAL
 REGISTERED AND SALESMEN HELP CUSTOMER TECHNICAL SALESMEN MGR. GIVES "SIGHT-DRAFT"
 OWNS TO DO COLLECTIONS MAY ADJUST DESIG PERSONAL EMPLOYEES TAXPAYER HELP CUSTOMER "ON-THE SHIPMENTS
 PROPERTY BUSINESS MAY BE MADE SOME SPECIAL HELP ON LIVE IN PAYS TAXES ASSEMBLE SPOT" HELP
STATE IN STATE IN STATE BY SALESMEN COMPLAINTS ORDERS COMPLAINTS STATE IN STATE CATALOGUE TO CUSTOMER
-----------------------------------------------------------------------------------------------------------------------------------------------------------
Illinois[*] YES YES YES YES YES YES YES YES YES YES YES
Iowa YES NO YES YES YES YES YES YES YES YES YES
Kentucky[*] YES YES YES YES YES YES YES YES YES YES YES
Michigan[*] YES YES YES YES YES YES YES YES YES YES YES
Minnesota NO NO YES YES YES YES NO NO YES YES YES
Missouri YES NO YES YES YES YES YES YES YES YES YES
North
Carolina YES NO YES YES YES YES YES YES YES YES YES
Oklahoma YES NO YES YES YES YES YES NO YES YES YES
Ohio[*] YES YES YES YES YES YES YES YES YES YES YES
Tennessee YES NO YES YES YES YES YES YES YES YES YES
Texas YES NO YES YES YES YES YES YES YES YES YES
Wisconsin YES NO YES YES YES YES YES YES YES YES YES
Arkansas YES NO YES YES YES YES YES YES YES YES YES
Kansas YES NO YES YES YES YES YES YES YES YES YES
Nebraska NO NO YES YES YES YES NO NO YES YES YES
New York YES NO YES YES YES YES YES YES YES YES YES
New Jersey NO NO N/A N/A N/A YES NO NO YES YES YES

*758 The trial court concluded that Continental's activities created a nexus with each foreign state sufficient to bring Continental within its taxing jurisdiction, i.e., the activities in each foreign state exceeded solicitation, thereby insulating such sales from tax in Indiana. Accordingly, the trial court refunded the additional assessment and interest.

ISSUES
The errors raised by the State may be resolved as a single issue:
Did Continental's activities in the seventeen foreign states exceed solicitation so that the sales at issue cannot be characterized as sales within the state (Indiana)?
PARTIES CONTENTIONS  The State's argument is that Continental's activities in the various foreign states are insufficient to constitute a nexus for the purpose of bringing Continental within the taxing jurisdiction of each foreign state and thereby take the sales made within those states out of the State of Indiana.
Continental is to the contrary.
DECISION
CONCLUSION  Continental's activities outside the State of Indiana exceeded solicitation, therefore, the sales at issue cannot be characterized as sales within the state (Indiana).
The controlling Indiana statutes on this subject unmistakably prohibit collection of Indiana adjusted gross income tax if the local seller comes within the taxing jurisdiction of the state of the purchaser, regardless of whether the tax has been levied or not.
Ind. Code 6-3-2-2(e) provides in pertinent part:
(e) The sales factor is a fraction, the numerator of which is the total sales of the taxpayer in this state during the taxable year, and the denominator of which is the total sales of the taxpayer everywhere during the taxable year. Sales of tangible personal property are in this state if:

* * * * * *
(2) The property is shipped from an office, store, warehouse, factory, or other place of storage in this state and . . (b) the taxpayer is not taxable in the state of the purchaser. (emphasis added)
Ind. Code 6-3-2-2(n) sets forth two instances in which a taxpayer is considered taxable in another state:
For purposes of allocation and apportionment of income under this article, a taxpayer is taxable in another state if (1) in that state he is subject to a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business, or a corporate stock tax, or (2) that state has jurisdiction to subject the taxpayer to a net income tax regardless of whether, in fact, the state does or does not. (emphasis added)
So, in order to allocate income to a foreign state under the statutory three-factor formula, a taxpayer must show that one of the taxes listed above has been levied against him or that the foreign state has the jurisdiction to levy a net income tax whether it does or not.
The evidence most favorable to the judgment indicates Continental paid either a net income tax or a franchise tax measured by net income during 1965 and 1966 in Illinois, Kentucky, Michigan and Ohio. Obviously then, Continental was "taxable in another state" and the sales made in those foreign states could not be characterized as sales in the State of Indiana. Ind. Code 6-3-2-2(e).
The same conclusion must be reached as to sales in the remaining thirteen states, but for a different reason. Continental's activities there exceeded solicitation and therefore subjected it to a net income tax which was never collected.
15 U.S.C. § 381(a) (1970) supplies the measuring stick as to the circumstances under which a State may impose a net income tax on income derived from interstate commerce:

*759 (a) No State, or political subdivision thereof, shall have power to impose, for any taxable year ending after September 14, 1959, a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:
(1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and
(2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1). (emphasis supplied)
By the explicit terms of this federal statute a state may only impose net income tax on income derived within the state if the activities within the state exceed solicitation.[4] And only that state may impose such a tax.
A definition of what constitutes "solicitation of orders" in Indiana was recently carefully analyzed by Judge Lowdermilk in Indiana Department of Revenue v. Kimberly-Clark Corp. (1978), Ind. App., 375 N.E.2d 1147, 1149 (quoting Miles Laboratories, Inc. v. Department of Revenue (1976), 274 Or. 395, 397, 546 P.2d 1081, 1083) and we quote in pertinent part:
The term "solicitation," as it is used in Public Law 86-272, should be given its generally accepted meaning in the light of its legislative history....
* * * * * *
Examples of such fatal, "non-solicitous" activity are: giving "spot credit," accepting orders, collecting delinquent accounts and picking up returned goods within the taxing state, collecting deposits and advances on orders within the taxing state, pooling and exchanging technical personnel in a complex mutual endeavor, maintaining personal property (beer kegs) and associated local business activity for purposes not related to soliciting orders within the taxing state... .
* * * * * *
"solicitation" should be limited to those generally accepted or customary acts in the industry which lead to the placing of orders, not those which follow as a natural result of the transaction, such as collections, servicing complaints, technical assistance and training... . (citations omitted) (emphasis added)
So it appears that solicitation must be limited to those acts which lead to the placing of orders and does not include those acts which follow as a result of the transaction. Continental's activities in the remaining thirteen states exceeded solicitation.
Among those acts performed by Continental in the foreign states, we conclude that the following exceed solicitation because they do not lead to the placing of orders but follow as a natural result of the transaction: salesmen collecting on accounts; salesmen making adjustments on complaints, salesmen giving customers technical assistance, salesmen aiding customers in the assembly of advertising catalogues and sight draft shipments. See Indiana Department of Revenue v. Kimberly-Clark, supra.
Consequently, Continental's activities exceeded solicitation thereby creating a sufficient nexus with each of the remaining thirteen states so that only those states had jurisdiction to tax Continental. The trial *760 court properly held that the assessment of tax and interest by the State should be refunded in conformity with applicable Indiana law.
The judgment of the trial court is therefore affirmed.
SULLIVAN, J., and ROBERTSON, P.J. (sitting by designation), concur.
NOTES
[1] Ind. Code 6-3-2-2(b) provides:

(b) If the business income derived from sources within the state of Indiana of a corporation or nonresident person cannot be separated from the business income of such person or corporation derived from sources without the state of Indiana, then the business income derived from sources within this state shall be determined by multiplying the business income derived from sources both within and without the state of Indiana by a fraction, the numerator of which is the property factor plus the payroll factor plus the sales factor, and the denominator of which is three [3].
[2] Ind. Code 6-3-2-2(e) provides:

(e) The sales factor is a fraction, the numerator of which is the total sales of the taxpayer in this state during the taxable year, and the denominator of which is the total sales of the taxpayer everywhere during the taxable year.
[3] Arkansas, Illinois, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North Carolina, Ohio, Oklahoma, Tennessee, Texas, Wisconsin.
[*] The evidence reveals that Continental paid either a net income tax or a franchise tax measured by net income in these states.
[4] The question of taxability in a foreign state does not present a true conflicts of law issue. "[T]he potential taxability of a corporation is measured as though the foreign state chose to exercise its taxing power under the full reach allowed by the Constitution of the United States and by federal law." 22 Hastings L.Rev. 1035, 1097 (1971).