The DRACKETT PRODUCTS
COMPANY, a corporation,
Appellant,

v.

Kent CONRAD, Tax Commissioner of
the State of North Dakota, Appellee.

Civ. No. 10812.

Supreme Court of North Dakota.

June 27, 1985.

Pearce, Anderson & Durick, Bismarck, for appellant; argued by William Patrick Pearce, Bismarck.

M. Kathryn Heitkamp, Asst. Atty. Gen., Bismarck, for appellee; appearance by Albert R. Hausauer, Asst. Atty. Gen., Bismarck.

GIERKE, Justice.

This is an appeal by Drackett Products Company (Drackett) from a district court judgment upholding the State Tax Commissioner's assessments of corporate income and business privilege taxes, together with interest and penalties, for the years 1969 through 1976. We affirm.

Drackett objected to the tax assessments on the ground that its activities in North Dakota merely constituted "solicitation of orders" which, under 15 U.S.C. § 381 [Public Law 86–272], cannot be taxed by the State. The Commissioner served a complaint upon Drackett under Chapter 28–32, N.D.C.C., and an administrative hearing was held at which the Commissioner and Drackett entered into a stipulation of facts. Following the hearing, the Commissioner concluded that Drackett's activities in North Dakota exceeded solicitation under 15 U.S.C. § 381 and constituted a taxable nexus which justified the Commissioner's assessment of taxes. The Commissioner ordered Drackett to file appropriate returns for the years in question and to remit the taxes due to the State.

Drackett appealed from the Commissioner's order to the district court which entered a judgment upholding the Commissioner's decision. Drackett then filed this appeal with our Court from the district court's judgment.

The sole issue raised by Drackett on appeal is whether or not its activities in North Dakota constitute "solicitation of orders", the income from which Congress has prohibited state taxation under 15 U.S.C. § 381(a), which provides:

"§ 381.  *Imposition of net income tax*

"(a).  No State, or political subdivision thereof, shall have power to impose, for any taxable year ending after September 14, 1959, a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:

(1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and

(2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1)."

Under Chapter 28–32, N.D.C.C., this Court reviews the administrative agency's decision. To resolve the issue raised in this case, we must determine whether or not the Commissioner has correctly construed and applied 15 U.S.C. § 381 to the stipulated facts in this case.

The relevant undisputed facts are as follows:

(1) Drackett is incorporated in Ohio with its principal business office in that state. It sells household products to customers in North Dakota, through one sales representative, Robert J. Ward, who resides in Fargo.

(2) Robert made routine sales visits to wholesale and retail stores in North Dakota to discuss Drackett products and to solicit orders for sales.

(3) Robert presented and explained contracts dealing with promotional allowances to wholesale customers. He did not negotiate or have authority to change the contract terms. At the end of each promotional period, Robert determined whether or not the wholesaler had complied with the terms of the contract.

(4) During his visits with retail stores, Robert checked to determine whether Drackett products were being competitively priced and, on occasion, would ask a wholesaler to reduce the price of a Drackett product charged to the retailers so that competitive pricing could be achieved.

(5) Robert assisted wholesalers with arrangements for providing newspaper advertising copy to the retailers.

(6) If a wholesale customer questioned a billing or allowances deducted by Drackett from invoices, Robert contacted the customer to correct any problems or misunderstandings, but he did not collect on past-due accounts and did not discuss delinquent accounts with wholesalers.

(7) Occasionally, Robert would assist in tracing a late shipment of Drackett products.

(8) Robert checked to determine whether Drackett shelving guidelines were being followed by customers and, on occasion, attempted to persuade store managers to readjust product shelf placement.

(9) Robert solicited sales of aisle displays developed by Drackett. If he sold a display, he would occasionally set it up. Robert also carried displays in his car such as broomstands, shelf extenders, and dump bins which he sometimes installed in the retail stores for no cost to the retailer.

(10) Robert checked product inventory at the retail stores.

(11) Robert used a desk and filing cabinet in his home for which he was not compensated by Drackett, and he used a car which was leased by Drackett outside North Dakota.

(12) Robert replaced damaged Drackett products with products he carried in his car for that purpose. The total value of the replacement merchandise that he possessed was approximately $200.

(13) Robert had no authority to approve orders, and he did not deliver Drackett products or collect payments.

(14) Once each year, Robert represented Drackett at the North Dakota Food Retailers Convention at which he set up a booth displaying product samples.

(15) Robert did not demonstrate the use of Drackett products and, except for setting up displays, he did not install, service, or provide technical assistance on any Drackett product.

The Commissioner determined that Robert's activities—in particular, the presentment and determination of compliance with promotional contracts, the arrangement of product displays, and the replacement of damaged merchandise—constituted activity which exceeded solicitation under 15 U.S.C. § 381 and that the income derived from that activity was therefore taxable by North Dakota.

Congress failed to define the phrase "solicitation of orders" or to otherwise provide language in the statute to demonstrate what particular activities Congress intended to allow interstate businesses to conduct without subjecting the income derived from those activities to state taxation. As a consequence of Congress' failure to delineate its intentions, the courts have been forced to determine, on a case-by-case basis, whether a foreign corporation's activities are protected from state taxation by 15 U.S.C. § 381.

Drackett has cited the following line of cases which have interpreted 15 U.S.C. § 381 consistent with Drackett's interpretation and position in this case. *Indiana Department of Revenue v. Kimberly-Clark Corp.*, 275 Ind. 378, 416 N.E.2d 1264

(1981); *U.S. Tobacco Company v. Commonwealth,* 478 Pa. 125, 386 A.2d 471, *cert. denied,* 439 U.S. 880, 99 S.Ct. 217, 58 L.Ed.2d 193 (1978); *Gillette Company v. State Tax Commission,* 56 A.D.2d 475, 393 N.Y.S.2d 186 (1977); *State v. State Tax Commission,* 382 S.W.2d 645 (Mo.1964).

 However, there are a number of decisions from other jurisdictions which have interpreted 15 U.S.C. § 381 in a manner that would support the Commissioner's assessment of taxes against Drackett. *National Tires, Inc. v. Lindley,* 68 Ohio App.2d 71, 426 N.E.2d 793 (1980); *Indiana Department of State Revenue v. Continental Steel Corporation,* 399 N.E.2d 754 (Ind.App.1980); *Miles Laboratories, Inc. v. Department of Revenue,* 274 Or. 395, 546 P.2d 1081 (1976); *Clairol, Inc. v. Kingsley,* 109 N.J.Super. 22, 262 A.2d 213 (1970). The general rationale of these cases, with which we agree, is that a business exceeds the mere "solicitation of orders" for purposes of tax exemption under 15 U.S.C. § 381 if its activities go beyond acts necessary for and leading to the placing of orders. Following that rationale, we conclude that if an out-of-state business engages, within this State, in other ongoing activities which are commonly associated with maintaining a business operation, it is not exempt from North Dakota taxation under 15 U.S.C. § 381. However, by performing such activities in isolated instances the business does not necessarily exceed solicitation nor lose the tax exempt status under that provision.

We believe that, in addition to the solicitation of orders, Drackett's sales representative conducted a number of ongoing activities in this State commonly associated with a business operation, such as: replacing damaged merchandise, checking product inventory, pricing items for resale by wholesalers to retailers, tracing late shipments, selling and installing aisle displays, and monitoring product shelf placement. Consequently, we conclude that Drackett's activities exceeded solicitation under 15 U.S.C. § 381, thereby removing Drackett from the tax exempt status under that provision.

In accordance with this opinion, the district court's judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.