IN THE OREGON TAX COURT

BASIC AMERICAN FOODS et al
*v.*
DEPARTMENT OF REVENUE
(TC 2406)

Joseph VanLeuven, Ragen, Tremaine, Krieger, Schmeer & Neill, Portland, represented plaintiffs.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 14, 1987.

**CARL N. BYERS, Judge.**

Plaintiffs protest the imposition of the Multnomah County Business Income Tax (MCBIT) on income earned

from the sale of goods for the years 1975 through 1980. Following oral argument, the parties submitted the issue to the court for determination based upon stipulated facts and legal briefs.

Basic American Foods (BAF) and its wholly owned subsidiary, Basic Vegetable Products, Inc. (BVP) are California corporations engaged in the interstate shipment of vegetable products. During some of the subject years, plaintiffs provided onion and garlic seed to growers in Jefferson and Linn Counties and then purchased their crops. For a short period of time plaintiffs had a salesman residing in Clackamas County. For some of the subject years, plaintiffs had a warehouse facility in Clackamas County and a raw material storage facility, land and machinery in Umatilla County.

Plaintiffs did not employ any person who resided in or had a place of business in Multnomah County. No salesman maintained a sales office in the county and no product inventory was maintained there.

"At no material time did * * * [plaintiffs] own or lease any real or personal property in Multnomah County or lease personal property to any lessee in Multnomah County, * * *" (Stip. 15) with one exception.

Plaintiffs contend that the imposition of MCBIT (1) violates 15 USC § 381 (PL 86-272), (2) violates the Due Process and Commerce Clauses of the federal Constitution, and (3) exceeds the county's home rule authority. These arguments will be addressed in order.

*PL 86-272 Limitations*

■    15 USC § 381, denoted and most commonly referred to as PL 86-272, provides:

"(a) No State, or political subdivision thereof, shall have power to impose * * * a net income tax on the income derived within such State by any person from interstate commerce *if the only business activities within such State* by or on behalf of such person during such taxable year are either, or both, of the following:

"(1) The solicitation of orders * * * which orders are sent outside the state for approval or rejection * * *; and

"(2) The solicitation of orders * * * in the name of or for the benefit of a prospective customer * * *." (Emphasis supplied.)

Defendant asserts that PL 86-272 applies to MCBIT only if plaintiffs' business activities in the State of Oregon do not exceed "solicitation." Since plaintiffs concede that they were doing business in Oregon and were required to report income to the State of Oregon from 1975-76 through 1980-81, defendant concludes that PL 86-272 does not apply to plaintiffs' liabilities under MCBIT. In support of this position, defendant cites a congressional report ordered by Congress and adopted simultaneously with the above law which states:

> "First, at the local level the statute probably leaves more small companies unprotected from a wide scope of tax liabilities. This is so because the statute gives no protection against local taxes unless the company's activities in the entire state are restricted to activities of the protected types." 88 Cong., 2nd Sess., HR 90.1480, Vol. I, at 473-74.

Plaintiffs respond that MCBIT incorporates state law by reference and that the PL 86-272 limitations are part of the state law. Thus, under plaintiffs' view, they are not liable under MCBIT unless their activities in Multnomah County exceed solicitation.

■ While it is true that MCBIT incorporates state law by reference (§ 5.70.080), state law does not contain the limitations of PL 86-272. PL 86-272 is a federal law which imposes restrictions upon the states and their political subdivisions. As such, it is not part of the state law which the political subdivision adopts by reference unless it in turn has been incorporated into the state's law. Such is not the case here. To the contrary, by adoption of the "information statement" Oregon has expressly adopted the policy of imposing its taxes "to the fullest extent constitutionally permissible" and "to construe the provisions of PL 86-272 narrowly so as to apply that law to only those limited circumstances clearly and reasonably intended by congress." If that policy is part of the state law which MCBIT incorporates by reference, and it is not clear that it is, then doubts should be resolved in favor of taxation by MCBIT.

The state laws to which MCBIT refers do not adopt the PL 86-272 limitations. While the UDITPA provisions (ORS 314.605-314.655) appear to assume the existence of PL 86-272, nowhere do the Oregon statutes, which MCBIT refers to, expressly incorporate the PL 86-272 limitations. Plaintiffs

have not pointed to any provision in ORS chapter 317 or any other provision of Oregon statutes which adopts the limitations of PL 86-272. Plaintiffs do point to the list of immune activities found in the information statement adopted by Oregon. However, "immune activities" are not the test; the test is what constitutes "the doing or carrying on of a business within the state" as indicated by OAR 317.010(8). While it might be desirable, for purposes of uniformity, to require the same level of business activity within a political subdivision as is required within a state under PL 86-272, Congress did not do so. Finding that the limitations of PL 86-272 are not incorporated by reference in the state tax laws, plaintiffs' liability under MCBIT is not limited or protected by PL 86-272. Moreover, as indicated below, the court finds that plaintiffs' activities exceed the "immune" contacts under PL 86-272.

*Due Process And Commerce Clause*

Plaintiffs contend that subjecting their activities in Multnomah County to tax under MCBIT violates the constitutional provisions for Due Process and the Commerce Clause. Plaintiffs' basic argument is that they do not have sufficient contacts with Multnomah County to justify the tax. *Hess v. Illinois,* 386 US 753, 87 S Ct 1389, 18 L Ed 2d 505 (1967). Plaintiffs pose the test as to whether the county has given anything for which it can ask a return, and answers it in the negative.

Stipulated facts show that BAF had two types of customers: distributors and end users. Although end users purchase products only from distributors, plaintiffs' sales representatives solicited end users directly. Stipulation No. 18 indicates that plaintiffs' sales representatives sometimes wrote up orders from end users at the request of distributors. At times the sales representatives would be notified by the distributor of a potential end user and would take the end user's order on the distributor's order form. Stipulation No. 17 indicates that:

> "On occasion, a distributor might contact the BAF sales representative if a customer was dissatisfied and the sales representative would take whatever action, if any, deemed appropriate."

The court finds that the taking or writing up of orders and the handling of complaints exceeds "mere solicitation."

Prior to May 1977, plaintiffs leased Frispo machines to a company in Seattle who then rented them to customers in the Northwest. In May 1977, the Seattle company cancelled the agreement and the leases of the ten Frispo machines in Multnomah County were handled by a division within BAF until October 1978. Owning personal property within the county also caused plaintiffs' activities to exceed the "mere solicitation" level for the years 1977 and 1978. Having so determined, the court finds that plaintiffs' activities were subject to MCBIT. *Miles Laboratories v. Dept. of Rev.,* 274 Or 395, 546 P2d 1081 (1976).

*Home Rule Authority*

■ Plaintiffs' final argument is that MCBIT exceeds the county's home rule authority. However, this argument is in response to defendant's position that any contact with the county creates a tax liability. In other words, plaintiffs' home rule argument assumes the assertion of taxation based on less than constitutional contacts with the county. Plaintiffs apparently concede that MCBIT is a properly authorized tax and can be imposed if plaintiffs' activities exceed mere solicitation. Since the court has determined that plaintiffs' activities in Multnomah County did exceed mere solicitation during the years in question, no further attention need be given this issue.

The court finds that plaintiffs were subject to MCBIT for the subject years and defendant's imposition of such tax is hereby affirmed. Defendant to recover costs.