THE KELLY-SPRINGFIELD TIRE COMPANY ET AL. *v.*
EDWARD J. BAJORSKI, ACTING COMMISSIONER
OF REVENUE SERVICES
(14730)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued October 27—decision released December 21, 1993

*Charles H. Lenore,* with whom was *Laura J. Folz,*
for the appellants (plaintiffs).

*Richard K. Greenberg,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Ann O'Leary,* assistant attorney general, for the appellee (defendant).

PETERS, C. J. In this tax appeal, the sole issue is whether, in light of the limitations on the state taxing power imposed by § 101 (a) of Public Law 86-272, 73 Stat. 555 (1959), 15 U.S.C. § 381,[1] the state of Connecticut has the authority to levy a corporation business tax pursuant to General Statutes §§ 12-214 and

---

[1] Section 101 of Public Law 86-272, 73 Stat. 555 (1959), 15 U.S.C. § 381, provides: "IMPOSITION OF NET INCOME TAX

"(a) MINIMUM STANDARDS

"No State, or political subdivision thereof, shall have power to impose, for any taxable year ending after September 14, 1959, a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year are either, or both, of the following:

"(1) the solicitation of orders by such person, or his representative, in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State; and

"(2) the solicitation of orders by such person, or his representative, in such State in the name of or for the benefit of a prospective customer of such person, if orders by such customer to such person to enable such customer to fill orders resulting from such solicitation are orders described in paragraph (1).

"(b) DOMESTIC CORPORATIONS; PERSONS DOMICILED ON OR RESIDENTS OF A STATE

"The provisions of subsection (a) of this section shall not apply to the imposition of a net income tax by any State, or political subdivision thereof, with respect to—

"(1) any corporation which is incorporated under the laws of such State; or

"(2) any individual who, under the laws of such State, is domiciled in, or a resident of, such State.

"(c) SALES OR SOLICITATION OF ORDERS FOR SALES BY INDEPENDENT CONTRACTORS

"For purposes of subsection (a) of this section, a person shall not be considered to have engaged in business activities within a State during any taxable year merely by reason of sales in such State, or the solicitation of orders for sales in such State, of tangible personal property on behalf of such person by one or more independent contractors, or by reason of the

12-218[2] on the intrastate activities of the plaintiffs, The Kelly-Springfield Tire Company and Lee Tire and Rubber Company (taxpayers). After the defendant, Edward J. Bajorski, acting commissioner of revenue services of the state of Connecticut (commissioner), denied their respective requests for correction and refund of the taxes assessed against them, the taxpayers appealed to the trial court pursuant to General Statutes § 12-237. The trial court dismissed the taxpayers' appeals. The taxpayers then filed a joint appeal to the Appellate

---

maintenance, of an office in such State by one or more independent contractors whose activities on behalf of such person in such State consist solely of making sales, or soliciting orders for sales, [of] tangible personal property.

"(d) DEFINITIONS

"For purposes of this section—

"(1) the term 'independent contractor' means a commission agent, broker, or other independent contractor who is engaged in selling, or soliciting orders for the sale of, tangible personal property for more than one principal and who holds himself out as such in the regular course of his business activities; and

"(2) the term 'representative' does not include an independent contractor."

[2] General Statutes § 12-214 provides in relevant part: "IMPOSITION OF TAX. (a) Every . . . other company carrying on, or having the right to carry on, business in this state, including a dissolved corporation which continues to conduct business . . . shall pay, annually, a tax or excise upon its franchise for the privilege of carrying on or doing business, owning or leasing property within the state in a corporate capacity or as an unincorporated association taxable as a corporation for federal income tax purposes or maintaining an office within the state, such tax to be measured by the entire net income as herein defined received by such corporation or association from business transacted within the state during the income year and to be assessed for each income year at the rate of eleven and one-half per cent. . . ."

General Statutes § 12-218 provides in relevant part: "APPORTIONMENT OF NET INCOME. Any taxpayer which is taxable both within and without this state shall apportion its net income as provided in this section. For purposes of apportionment of income under this section, a taxpayer is taxable in another state if in such state such taxpayer conducts business and is subject to a net income tax, a franchise tax for the privilege of doing business, or a corporate stock tax, or if such state has jurisdiction to subject such taxpayer to such a tax, regardless of whether such state does, in fact, impose such a tax. . . ."

Court, which we transferred to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse the judgment of the trial court.

The stipulations that furnish the entire factual basis for this appeal, as set out in the record, reveal the following. Each taxpayer is a multistate corporation that, during the relevant tax years, had registered with the secretary of the state to transact business in this state. The principal business of each taxpayer is the sale of motor vehicle and truck tires to dealers throughout the United States. Neither taxpayer maintained any inventory in this state. Neither taxpayer owned any real property in this state.[3]

In this state, the business operations of the taxpayers were principally carried out through the services of one or more local sales representatives[4] whose only authority was the solicitation of orders from tire dealers. After orders had been solicited, out-of-state personnel approved or rejected the orders, arranged for shipments from out-of-state facilities and received payments for shipments. In the event of disputes about the tire shipments, the local sales representative's responsibility was limited to providing information to the local dealer about the location of appropriate out-of-state contact points. Personnel at out-of-state facilities managed the receipt and storage of allegedly defective merchandise and arranged for the appropriate rectification of local dealer accounts. The local sales representative's responsibility for credit was similarly

[3] One of the taxpayers, The Kelly-Springfield Tire Company, owned five advertising sign faces in this state, each located at a Connecticut dealer's facility, that had an aggregate book value of $5451. The commissioner's brief in this court assigns no importance to this limited local property interest. His brief acknowledges that, for tax purposes, the taxpayers "owned no property at issue in this appeal . . . ."

[4] The taxpayer Lee Tire and Rubber Company employed only one Connecticut sales representative, while the taxpayer The Kelly-Springfield Tire Company employed three Connecticut sales representatives.

limited to an information function. Personnel at out-of-state facilities similarly monitored the credit status of local dealers and arranged for the collection of delinquent accounts.

Apart from their sales representatives, the taxpayers' only other operational presence in this state consisted of annual visits of their credit managers. Each taxpayer had one credit manager who personally called on all Connecticut accounts once each year, whether or not such accounts were delinquent. The stipulations do not indicate how many accounts each credit manager visited.

Relying on the taxpayers' registration to do business and on the annual presence of their credit managers, the commissioner issued notices of assessment to the taxpayers pursuant to the Connecticut corporation business tax; General Statutes § 12-214; computed in accordance with § 12-218. The trial court agreed with the commissioner that both of the taxpayers were subject to taxation in Connecticut because they had engaged in business activities in this state that were not entirely ancillary to the solicitation of orders and were not de minimis. In their appeal to this court, the taxpayers challenge the validity of these conclusions. We disagree with the judgment of the trial court.

I

Two fundamental principles govern these tax appeals. First, pursuant to § 12-237, taxpayers who challenge the validity of tax assessments under §§ 12-214 and 12-218 are entitled to plenary judicial review of their tax liability. *Texaco Refining & Marketing Co.* v. *Commissioner,* 202 Conn. 583, 588, 522 A.2d 771 (1987); *Schlumberger Technology Corp.* v. *Dubno,* 202 Conn. 412, 421, 521 A.2d 569 (1987); *Xerox Corp.* v. *Board of Tax Review,* 175 Conn. 301, 303, 397 A.2d 1367 (1978). Second, ambiguities in the language or the

applicability of statutes governing tax liability are resolved in favor of taxpayers if the issue is the authority to impose a tax, and in favor of the tax commissioner if the issue is the right to a deduction or exemption. *Altray Co.* v. *Groppo,* 224 Conn. 426, 432, 619 A.2d 443 (1993); *Morton Buildings, Inc.* v. *Bannon,* 222 Conn. 49, 54, 607 A.2d 424 (1992); *The B. F. Goodrich Co.* v. *Dubno,* 196 Conn. 1, 6, 490 A.2d 991 (1985); *Hartford Electric Light Co.* v. *Sullivan,* 161 Conn. 145, 154, 285 A.2d 352 (1971).

In this case, the parties do not disagree about the applicability of the first principle. With respect to the second principle, however, the taxpayers contend that they are challenging the state's authority to impose a tax, while the commissioner contends that the taxpayers should be deemed to be pursuing rights to a tax exemption. We agree with the taxpayers.

The tax that is at issue is the Connecticut corporation business tax; General Statutes c. 208; which is "in the nature of an excise tax levied against domestic and foreign corporations alike, for the privilege of doing business in a corporate capacity within this State. . . ." (Citations omitted; internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Tax Commissioner,* 178 Conn. 243, 247, 423 A.2d 883 (1979). Section 12-214 (a), which imposes the corporation business tax, provides that the tax is "to be measured by the entire net income . . . from business transacted within the state during the income year," while § 12-218 provides a measure to determine the taxable net income of multistate corporations to be apportioned to this state. *Altray Co.* v. *Groppo,* supra, 432–33; *Texaco Refining & Marketing Co.* v. *Commissioner,* supra, 589–91; *Schlumberger Technology Corp.* v. *Dubno,* supra, 415–16.

We recently considered the proper characterization of issues concerning the scope of taxpayer liability under §§ 12-214 and 12-218. In *Altray Co.* v. *Groppo,* supra, a New York corporation having its primary place of business in Connecticut claimed that it had engaged in sufficient activity in New York to satisfy the "conducts business" requirement of § 12-218, thereby qualifying the corporation for an apportionment of its taxable income between Connecticut and New York. We agreed with the taxpayer that § 12-218 involves the imposition of a tax, and, therefore, that any ambiguity must be resolved in favor of the taxpayer and against the tax commissioner. Id., 432. In arriving at this conclusion, we expressly rejected the tax commissioner's contention that a claim relating to a taxpayer's qualification for apportionment of net income under § 12-218 should be treated as a claim for a tax exemption. Id., 433–34. We noted, furthermore, that the apportionment of the net income of a multistate taxpayer to Connecticut reflected established constraints on the state's taxing power that derive from constraints imposed by the commerce and the due process clauses of the federal constitution. Id., 434; see *Mobil Oil Corp.* v. *Commissioner of Taxes of Vermont,* 445 U.S. 425, 436–37, 100 S. Ct. 1223, 63 L. Ed. 2d 510 (1980) (due process clause); *Complete Auto Transit, Inc.* v. *Brady,* 430 U.S. 274, 279, 97 S. Ct. 1076, 51 L. Ed. 2d 326, reh. denied, 430 U.S. 976, 97 S. Ct. 1669, 52 L. Ed. 2d 371 (1977) (commerce clause). *Altray Co.* v. *Groppo,* supra, establishes, therefore, that the taxpayers' claims in this case must be examined with the understanding that §§ 12-214 and 12-218 are statutes that impose a tax on multistate taxpayers rather than statutes that provide an exemption for multistate taxpayers. Viewed from this perspective, any ambiguities in the applicability of the statutes in light of the available factual record must be construed in favor of the taxpayers and against the commissioner.

This rule of construction applies not only to the apportionment to this state of the intrastate income of multistate taxpayers but also to limitations on the taxability of multistate taxpayers that derive from federal statutes determining the authority of the state to impose a tax on such taxpayers. Public Law 86-272, 15 U.S.C. § 381 is such a statute. Section 381 is entitled "Imposition of net income tax." It defines and delimits the circumstances under which a state has the authority to consider a multistate taxpayer to be engaged in a "business activity" for state tax purposes. Read conjointly, 15 U.S.C. § 381 and §§ 12-214 and 12-218 are tax imposition statutes that must be construed accordingly.

## II

The taxpayers maintain that the state did not have the authority to impose a corporation business tax on their net income in this state because their Connecticut activities are protected from state tax by the terms of 15 U.S.C. § 381. Subsection (a) (1) of § 381 prohibits the imposition of state net income taxes on interstate corporations whose only intrastate activity is "the solicitation of orders . . . in such State for sales of tangible personal property, which orders are sent outside the State for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the State . . . ." The commissioner claims, and the trial court concluded, that § 381 did not apply in the circumstances of these taxpayers because, in addition to their solicitation of orders in Connecticut, the taxpayers had also elected: (1) to qualify for doing business in this state; and (2) to have their credit managers undertake annual visits to each of the taxpayers' accounts in this state. The question before us is whether these additional in-state activities are sufficient to permit Connecticut to impose the corporation business tax on these taxpayers.

Federal law determines the extent to which § 381 limits the authority of this state to levy a corporation business tax on interstate corporations. In *Wisconsin Department of Revenue* v. *Wrigley,* 505 U.S.    , 112 S. Ct. 2447, 120 L. Ed. 2d 174 (1992), the Supreme Court of the United States recently reviewed the history and the scope of this section. The court noted that § 381 establishes "a 'minimum standard' for imposition of a state net-income tax based on solicitation of interstate sales . . . ." Id., 2453. The court rejected the suggestion that § 381 should be construed so narrowly that "the solicitation of orders" would encompass "only the actual requests for purchases or, at most, the actions absolutely essential to making those requests." Id., 2455. The court also rejected, however, the suggestion that § 381 should be construed so broadly as to "treat as solicitation of orders any activities that are ordinary and necessary business activities accompanying the solicitation process . . . ." (Internal quotation marks omitted.) Id. The court chose instead a middle ground that would consider as solicitation of orders "those activities that are *entirely ancillary* to requests for purchases—those that serve no independent business function apart from their connection to the soliciting of orders . . . ." (Emphasis in original.) Id., 2456. Applying this standard, the court concluded that providing a car and a stock of free samples to sales personnel is part of the "solicitation of orders," but that the employment of sales personnel to repair or service the company's products, or the maintenance of an in-state office, is not part of the "solicitation of orders." Id., 2457.

In the circumstances of this case, *Wrigley* counsels that the in-state visits by the taxpayers' credit managers to in-state dealers do not constitute the "solicitation of orders." Like repairs and servicing, proper credit practices to monitor the collectibility of

payments due from dealers as a result of in-state solicitations are not themselves ancillary to "requests for purchases," as the trial court properly concluded. The fact that credit supervision in this state was carried out by personnel other than the taxpayers' in-state sales representatives only underscores this conclusion.

*Wrigley* holds, however, that § 381 does not automatically authorize state taxation of a company engaged in limited in-state business activities that are not ancillary to the "solicitation of orders." If such in-state activities are de minimis, that is, if they establish only a trivial connection with the taxing state, § 381 continues to provide net income tax immunity. Id., 2457–58.

The difficulty in applying the de minimis test to the facts of this case arises out of the sparsity of the factual record. As noted previously, the parties have stipulated that each taxpayer sent a credit manager into this state for an annual visit with each of its dealers, whether or not those dealers were delinquent in their accounts. We do not know, however, how long these annual visits were, how many dealers were visited, or the extent to which credit information gleaned from the annual visits was made available to the in-state sales representatives to facilitate their solicitation of sales on behalf of the taxpayers. The responsibility for this factual lacuna rests with the commissioner. In accordance with the governing principles described in part I of this opinion, the commissioner has failed to establish that the taxpayers' activities in this state were more than de minimis.

The commissioner's position is not strengthened by the taxpayers' decision to qualify to do business in this state. Section 381 (b) (1) expressly permits a state to impose a net income tax on corporate taxpayers whose only in-state activities are the solicitation of orders if

such taxpayers are "incorporated under the laws of such State . . . ." As a matter of statutory construction, it would make no sense to ascribe the same significance to the act of qualifying to do business. See, e.g., *Amway Corp.* v. *Dept. of Treasury,* 176 Mich. App. 285, 438 N.W.2d 904, vacated, 433 Mich. 908, 448 N.W.2d 348 (1989); *In re Allied Thermal Corp.,* 1983 N.Y. Tax LEXIS 778 (N.Y. Tax Commission Feb. 1, 1983); *Miles Laboratories, Inc.* v. *Dept. of Revenue,* 274 Or. 395, 546 P.2d 1081 (1976); Priv. Ltr. Rul. 88-19 (Sept. 21, 1988) (S.C. Tax Commission), available in 1988 S.C. Tax LEXIS 19; Va. Rev. Rul. 91-257 (Oct. 8, 1991) (Va. Dept. of Taxation), available in 1991 Va. Tax LEXIS 279; *Kelvinator Commercial Products, Inc.* v. *Dept. of Revenue,* Docket No. I-6632, 1981 Wis. Tax LEXIS 103 (Wis. Tax Appeals Commission, Mar. 10, 1981); 1 J. Hellerstein, State Taxation (1983) ¶ 6.10, pp. 239–40 n.103. The commissioner has cited no authority to the contrary.

The judgments are reversed and the case is remanded with direction to sustain the taxpayers' appeals.

In this opinion the other justices concurred.

